PAULINE POEHLMAN, *et al.*

*v.*

GEORGE SCHWEINFURTH *et al.*

*Opinion filed October 19, 1900.*

APPEALS AND ERRORS—*supposed facts not appearing of record can not be considered.* Facts stated by appellant in his argument but which do not appear in the record cannot be considered.

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

C. A. FITCH, for appellants.

CUTTING, CASTLE & WILLIAMS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county granted to appellee George Schweinfurth a writ of assistance to put him in possession of premises held by appellants which they refused to surrender to him, and the appeal in this case was taken from the order for such writ.

The court allowed to appellants twenty days for filing a certificate of evidence introduced upon the hearing of the motion, but no certificate was filed. The clerk has copied into his transcript two affidavits in support of the petition, filed twenty days after the order was made, but they are not a part of the record, which contains only a petition for the writ, the answer of appellants thereto and the order of the court. The petition set forth that the premises were sold to the petitioner by a master in chancery at public sale, under a decree of said superior court in a cause wherein Edward S. Dreyer and the petitioner were complainants and the appellants and others were defendants; that the premises were sold in three separate parcels, for sums stated in the petition; that the sale and report thereof were confirmed by the court; that

the time of redemption from said sale having expired, petitioner obtained from said master in chancery three deeds conveying the premises to him, and exhibited the same to appellants, together with a certified copy of the order of said court confirming the sale, and that appellants refused to deliver up possession. The petition was verified by the oath of the petitioner, and appellants answered it, alleging that said decree and sale were erroneous and void for the reason that the sale was made to satisfy a decree of foreclosure and a judgment in favor of petitioner; that affirmative relief was not prayed for on account of the judgment; that the premises are the homesteads of appellants, and that no provision was made for said homesteads. By the order of the court the facts were found as stated in the petition and the writ of assistance was ordered.

Counsel for appellants says in his argument that the decree under which the premises were sold was entered in a suit for the foreclosure of three trust deeds upon the premises, which were the homesteads of appellants; that petitioner became the purchaser, and there was a surplus of $3756.99 arising from the sale over and above the amount due him on his notes secured by his trust deeds, together with interest, costs and solicitor's fees; that the homesteads were not subject to petitioner's judgment, but that said judgment was satisfied out of the surplus without providing for the homesteads. None of these things appear in the record, and the supposed facts so stated in the argument cannot be considered. If an error was committed, as alleged, it was in and by some previous order or decree, which adjudicated the rights of the parties in the surplus arising from the master's sale, and such order is not under review in this case.

The order of the superior court is affirmed.

*Order affirmed.*